Argued October 2, 1941.
At the argument of this appeal, the request was made — supported by adequate reasons — that a decision be handed down before November 1.
Complying with that request we shall enter our judgment, with a brief statement of the grounds for our action, and supplement it later with a fuller presentation and discussion of those grounds.
We are of opinion that the express language of Section 1 of the Act of May 29, 1931, P.L. 280, making it the duty of tax collectors to make return to the county commissioners of unpaid taxes assessed and levied on seated lands for which no liens have been filed, limits the performance of that duty to "not later than the first Monday of May in the year succeeding the year in which the respective taxes were assessed and levied"; that it gives the tax collector no authority to make such a return after that date; that the release of responsibility for taxes so returned, provided for in Section 6 of the act, operates only on taxes returned by him within the limitation of the act; that the return made by the tax collector of the Borough of Duryea on *Page 114 
May 23, 1933 of the taxes assessed and levied for 1932 on appellant's real estate in that borough, was without legal authority and did not relieve him of the responsibility of collecting the taxes; that appellant's payment of those taxes to the tax collector on July 18, 1933, was a valid and legal payment; and that his property could not be liened or sold thereafter for the taxes so paid.
We are also of opinion that the description of appellant's real estate filed by the tax collector with his return, to wit "Lot 30 x 100 Short Lot — Bldg." was not a sufficient compliance with the direction of the statute (Section 1) that the tax collector shall file with his return "a description of said real estate by adjoiners or otherwise, sufficient to identify said lands."
The second, fifth, sixth and seventh assignments of error are sustained. The order of the court below is reversed. The third, sixth and eighth exceptions filed by the appellant to the County Treasurer's return of sale are sustained and the said sale of appellant's real estate is set aside. Costs in the court below and on appeal to be paid by appellee, the County of Luzerne.