## Hurst's Exceptions

*Samuel H. High, Jr.*, of *High, Dettra & Swartz*, for exceptant.

*Ralph F. Wismer*, for county treasurer.

CORSON, J., December 7, 1943.—In this case property of Norma Hurst was, on or about April 26, 1943, sold by Mary H. Beerer, Treasurer of Montgomery County, for nonpayment of 1937 and 1938 taxes. Under the stipulation of facts as filed, Thomas W. Hurst was the owner of improved real estate in Abington Township and title to such property upon his death vested in Norma Hurst, the present exceptant. Robert C. Ross, the township treasurer, under the provisions of section 1 of the Act of May 29, 1931, P. L. 280, as amended, filed his return on or about the first Monday of May 1938 for the 1937 taxes, and on or about the first Monday of May 1939 for the 1938 taxes, attempting to lien the Hurst property for the amounts of such taxes.

The Act of 1931, supra, provides that such tax collector, with his return, shall file "a description of said

real estate by adjoiners or otherwise, sufficient to identify said land". The only description filed by said tax collector with his return covering the Hurst property was as follows: "65 Alpha". Under the stipulation it is further agreed that on October 11, 1938, and subsequent thereto, Thomas W. Hurst, in three payments, paid to Robert C. Ross the 1937 taxes with penalties, and received a receipt from the said Robert C. Ross. Similarly, after the liening of the 1938 taxes, to wit, on June 14, 1939, Thomas W. Hurst made a payment of the balance due on his 1938 taxes in the amount of $132. On June 14, 1939, Ross issued his official receipt for such 1938 taxes to Hurst.

On April 26, 1943, Mary H. Beerer, treasurer, sold at treasurer's sale, under the name of Thomas W. Hurst, property in Abington Township, described as "Lot 65 Alpha" for unpaid taxes for the years 1937 and 1938. Admittedly, Robert C. Ross was the duly-elected treasurer of Abington Township and admittedly the 1937 and 1938 taxes were paid to Robert C. Ross. Under the stipulation of facts, taxes in the amount of $52.50 for the 1938 taxes were paid by Hurst on April 13, 1939, and since this was prior to the filing of Ross' return of liens this was admittedly a payment for which Hurst must, in any event, receive credit. It is the contention of the county treasurer that the sale is proper because of the fact that all the 1937 taxes and $132 of the 1938 taxes were admittedly paid by Hurst to Robert C. Ross after he had filed his return to the county commissioners under the Act of 1931, supra, and the tax collector, being thereby exonerated under said act from the collection of such taxes, was therefore no longer the agent of the township for their collection; a payment therefore to Ross, after the filing of the liens, was not a payment to the township, and when Ross failed to turn such money over to the township the loss should fall upon Hurst or his successor in title, the present exceptant.

472

Counsel for exceptant makes three contentions. The first contention is that under the laws covering tax collectors such collectors have power to collect taxes at any time and that there is no time limit in any of such statutes limiting the power of such tax collector to collect such taxes. Counsel's second contention, which really comes under his first contention, is that the tax collector's return of taxes under the Act of 1931, supra, does not invalidate any collections made by such tax collector after such return. The third contention by exceptant is that the returns filed by Ross were not valid returns or liens as to the Hurst property and he, therefore, was not exonerated from collecting the taxes upon the Hurst property by such return and the payment of such taxes to Ross by Hurst was proper.

The first two contentions raised by counsel are most interesting, yet since we are forced to sustain the third contention it becomes unnecessary to pass upon the merits of the first two. Assuming that the filing of a proper return under the Act of 1931, supra, by exonerating him from liability for the collection of such taxes covered by the return, does deprive him of power to collect such taxes at any later time, it is equally true that if an improper return is filed by the tax collector he is not so exonerated, his liability to collect such tax continues, and the payment of such tax to the tax collector after the filing of such improper return is a proper payment and is valid as against the taxing authorities: Challac's Appeal, 147 Pa. Superior Ct. 111 (1942). We feel that the return as to this property filed by Ross was not in accordance with the Act of 1931, supra, in that the description of said property was insufficient. "Lot 65 Alpha Saw Mill Hill No. 2" is certainly not such a description as is required by the act. As already noted, the description must be under the said act "by adjoiners or otherwise, sufficient to

identify said land". Admittedly, "Lot 65 Alpha" does not refer to any recorded plan but to an arbitrary code set up by the township authorities for describing certain taxable properties in the Township of Abington which are not described on any recorded plan.

Certainly no one, in looking over the tax liens, could by any possible stretch of the imagination identify "65 Alpha" as being in any particular location in the township. It may well be that inquiry in the tax office in Abington Township would have enabled a person to find out what was meant by "65 Alpha", but certainly title searchers searching the lien record in Norristown are not compelled to journey to all corners of the county to make inquiries as to what is meant by a code description as set forth in a tax lien. We feel that Challac's Appeal, supra, is applicable to and controlling in the present case. Under this decision, which we follow in the present case, the description being insufficient under the Act of 1931, supra, Ross was not exonerated by such insufficient and improper return, his liability to collect such tax still remained, and the payments of the 1937 and 1938 taxes by Hurst were, therefore, paid to Ross at a time when he still remained liable for, and the agent of the taxing authorities in the collection of, such taxes. The lien being improper and the taxes admittedly having been paid to Ross, the exception to the sale of the property must be sustained.

It may be contended that the Township and School District of Abington and the County of Montgomery should have been made parties to the present proceedings, but it is not so provided in the act covering exceptions to sales made by the county treasurer and we, therefore, must and do decide the question merely of the validity of the tax sale.

And now, December 7, 1943, for the reasons given, the exceptions of Norma Hurst to the sale of property referred to in such exceptions as 1124 on the treas-

urer's sale list, sold on April 26, 1943, and referred to for tax purposes as "Lot 65 Alpha", are sustained and such sale is set aside and declared void.