## Turner v. Borough Township School District

*Moorhead, Marshall & Sawyer*, for plaintiff.
*Richard H. West*, for defendant.

MCCREARY, P. J., December 10, 1947.—This case is an amicable action of assumpsit, and the pertinent facts are set forth in detail in a case stated agreed to by both parties. A brief résumé of the facts agreed to in the case stated shows the following to be the pertinent facts:

Clark E. Turner, plaintiff, was duly elected and qualified as the Treasurer of the Township of Borough, this county, from January 1, 1942, to the present date. As treasurer of said township he was, by virtue of his office, the collector of all taxes in the township, including school taxes. The compensation for the collector of school taxes was established by the School Board of the Township of Borough for each of the years 1942, 1943, 1944 and 1945 at five percent commission, in accordance with the provisions of section 554 of the School Code of May 18, 1911, P. L. 309, 24 PS §605. In 1942 the Defense Plant Corporation failed to pay that part of its real estate taxes assessed against certain of the machinery forming a part of a manufacturing plant in said township, which was being operated by the propellor division of the Curtiss-Wright Corporation. Thereafter, and prior to the first Monday of May 1943, plaintiff, Charles E. Turner, as tax collector for the school district, made a return to the County Commissioners of Beaver County of these unpaid school taxes for the year 1942 against the Defense Plant Corporation in the amount of $8,148. On March 2, 1943, the Defense Plant Corporation appealed to the County Commissioners of Beaver County, sitting as a board of revision, against the assessment on said machinery, the assessment having been made covering the triennial period for the years 1943, 1944 and 1945. The appeal was dismissed by the board of revision, and thereafter the Defense Plant Corporation appealed to this court in accordance with the provisions of The General County Assessment Law of May 22, 1933, P. L. 853, sec. 518, as amended by the Act of July

15, 1935, P. L. 1007, sec. 1, 72 PS §5020-518. The Defense Plant Corporation paid the amount of school taxes in dispute into court covering the year 1943. In the years 1944 and 1945 a similar payment was made into court, under the provisions of the act of assembly last above recited, of the amounts claimed to be due on account of the assessment of machinery in the Defense Plant Corporation for the years 1944 and 1945, the total payment for these three years being $23,280. The said tax assessment was sustained by this court and was also later, on appeal to the Supreme Court of Pennsylvania, sustained (Defense Plant Corporation Tax Assessment Case, 350 Pa. 520), and still later sustained by the Supreme Court of the United States (328 U. S. 204, 66 S. Ct. 992). Thereafter, this court, by order dated August 21, 1946, directed the prothonotary to pay, inter alia, to the School District of the Township of Borough all taxes due to said taxing district for the years 1943, 1944 and 1945 which had been paid into court, directing the treasurer of said taxing district to furnish a proper receipt. In accordance with this order the prothonotary paid the amount of the school taxes for 1943, 1944 and 1945 deposited with him, less poundage, to the Beaver Trust Company, the depository of the School District of the Township of Borough. On August 6, 1946, the Defense Plant Corporation paid directly to plaintiff as tax collector the amount of $7,760.00, being the face amount of the school taxes assessed for the year 1942, and plaintiff paid said amount over to the School District of the Township of Borough.

The School District of the Township of Borough has paid to plaintiff a commission of two percent on the said amount of $23,280 which had been deposited with this court and subsequently paid over to the school district. The school district also paid a commission of two percent on the amount of $7,760, being the amount of the 1942 school taxes paid to the tax collector by

Defense Plant Corporation and by him turned over to the said school district.

In the within suit plaintiff, Clark E. Turner, claims that he is entitled to a commission of five percent on the said sum of $23,280 for the school taxes for the years 1943, 1944 and 1945, and that he is also entitled to a commission of five percent on the said sum of $7,760, being the amount of school taxes for the year 1942.

The parties have agreed that if the court be of the opinion that all or any part of the amount claimed by plaintiff is due to him, then a judgment shall be entered against defendant in favor of plaintiff for the amount which the court finds to be due.

The above statement of facts poses two questions for the court to determine as a matter of law, namely (1) a commission of five percent having been established as the rate of compensation for the collector of school taxes for the year 1942 by the School District of the Township of Borough, under the provisions of section 554 of the Act of May 18, 1911, P. L. 309, should this rate of compensation be paid to the tax collector on 1942 school taxes which were not collected by the tax collector prior to the first Monday of May following the year in which the taxes were assessed, but which were returned by the tax collector to the county commissioners on or before the first Monday of May 1943, in accordance with the provisions of the Act of May 29, 1931, P. L. 280, and which were, in the year 1946, paid by Defense Plant Corporation direct to the tax collector instead of being paid to the Treasurer of the County of Beaver?; (2) the compensation of the tax collector for the School District of the Township of Borough having been fixed at five percent commission for each of the years 1943, 1944 and 1945, should said commission be paid to the tax collector upon school taxes for these years which taxes were paid into court when due and before any return had been made by the

tax collector to the Commissioners of Beaver County in accordance with the Act of May 29, 1931, P. L. 280, the payment into court having been made pending an appeal from the assessment of said taxes in accordance with the provisions of the Act of May 22, 1933, P. L. 853, 72 PS §5020-518?

The answer to the first question is "no", and the answer to the second question is "yes".

*Compensation due tax collector on account of*
*1942 taxes*

From the agreed statement of facts it is clear that plaintiff was entitled to a commission of five percent on all taxes collected by him for the account of the School District of the Township of Borough from the time he received the duplicate in 1942 until he made return thereof to the County Commissioners of Beaver County on or before the first Monday of May 1943. If he had received the money due from the Defense Plant Corporation on account of school taxes either as a result of the tax notice which he sent out or as a result of any levy he might have made to recover the amount due by distress and sale of Defense Plant Corporation's goods and chattels, or by action in assumpsit, he would have earned the five percent commission agreed upon. He adopted the other alternative, however, as to the 1942 school taxes due from Defense Plant Corporation and made return thereof to the county commissioners in accordance with the provisions of the Act of May 29, 1931, P. L. 280. Having done so, he became entitled to only a two percent commission on those taxes, and then only when the tax was paid to the county treasurer and by him paid to the proper taxing district. Section 1 of the Act of 1931, supra, as amended (72 PS §5971 (a)) reads as follows:

"From and after the passage of this act, it shall be the duty of each receiver or collector of any county,

city, borough, town, township, school district, poor district or institution district taxes, to make a return to the county commissioners of such taxes which are assessed and levied on seated lands, and which are unpaid, and for which no liens have been filed, not later than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied, filing therewith a description of said real estate by adjoiners or otherwise, sufficient to identify said land with name of the owner or reputed owner against whom such taxes were assessed and levied, and the amounts of taxes unpaid, and the year during which the said taxes were assessed or levied. In addition to penalties under existing laws, interest at the rate of six per centum per annum shall be added, beginning on the first day of May, of the year following the levy and assessment of such tax, until such taxes are paid or the seated lands responsible therefor are sold as hereinafter provided."

Section 6 of this same act (72 PS §5971-f) reads as follows:

"After such return of taxes shall have been made in accordance with the provisions hereof, responsibility of the tax collector or receiver of taxes for the collection of the taxes so returned shall cease. On making such return, the tax collector or receiver of taxes shall be entitled to exoneration from the taxes so returned on the settlement of his account. On any unpaid taxes returned to the county commissioners, the tax collector or receiver of taxes shall be entitled to receive a commission of two per centum (2%) from the taxing district for which such tax is returned when the tax is paid by the county treasurer to the proper taxing district; provided, that, where the tax collector is paid on a salary basis, he shall not be entitled to receive this commission of two per centum (2%)."

These sections have been interpreted by the various courts of Pennsylvania, and the decisions make it clear

that when a tax collector has failed by his efforts to make collection of the taxes due to a taxing district and takes advantage of the provisions of the Act of 1931, supra, the tax collector not only is relieved of responsibility for collection of the taxes and becomes entitled to exoneration for their collection, but his power to collect the taxes ceases as well.

The case of Dixon et al. v. Gilberton Borough School District et al., 33 D. & C. 93, was a case in point. In that case the tax collector had made a return of unpaid taxes to the county commissioners, as did the tax collector in the case at bar, and after he had made the return he notified the taxpayer of his intention to levy the amount due by distress and sale of the taxpayer's goods and chattels wherever they might be found unless payment was made on or before a certain date thereafter. The taxpayer applied to the court for an injunction to restrain the tax collector from making the levy on the ground that when he made his return to the county commissioners his authority to collect the tax vanished. The court granted the injunction, discussing the pertinent features of the law in language as follows (pp. 95, 96, 97, 98) :

". . . , plaintiffs contend that the tax collector now lacks authority to collect the taxes because she made a return of these unpaid taxes to the county commissioners pursuant to the Act of May 29, 1931, P. L. 280, 72 PS §5971a. This brings us to the crux of the case. The statute makes it the duty of each tax collector to make a return to the county commissioners of such taxes which are assessed and levied on seated lands and which are unpaid, and for which no liens have been filed, not later than the first Monday of May in the year succeeding the year in which the respective taxes were assessed and levied. This return was made by the tax collector on May 2, 1938, prior to her demand of May 9, 1938. Upon such return it becomes the duty of the commissioners to enter it in a tax return docket

and the return and entry become a lien on the land. Section 3 of the act provides that the county commissioners shall certify the return to the county treasurer who is authorized and empowered to receive and collect the taxes and to sell the seated lands if necessary. It is the county treasurer's duty to distribute the taxes paid to him to the parties entitled to receive the same and to certify the collections made by him to the county commissioners for entry and satisfaction upon the tax return docket.

\* \* \* \* \*

"The meaning of the Act of 1931 is plain. The various sections to which we have referred indicate clearly that when the taxes are returned by the tax collector, not only does his responsibility cease, but his power to collect the taxes ceases as well. The act specifically authorizes and empowers the county treasurer to collect such taxes. The lien is discharged upon certificate from the county treasurer to the county commissioners. The tax collector is exonerated from the collection of the tax. Unless he is on a salary basis, he is entitled to a commission, not when the tax is paid to him, but when the tax is paid by the county treasurer to the taxing district. The commission allowed the tax collector upon the payment of such taxes is for the work involved in making the returns: Norristown Borough School Dist. v. Hoffman, 24 D. & C. 56, 61.

"Defendants contend that the Act of 1931 merely discharges the responsibility of the tax collector but does not interfere with his authority to collect the tax even after it has been returned.

\* \* \* \* \*

"Our conclusion is that since the tax collector returned the delinquent taxes pursuant to the provisions of the Act of 1931, she has lost the power to collect them and she may not proceed by distress or in any other fashion to collect the taxes."

It seems to follow that since he voluntarily surrendered his right to collect the 1942 taxes by returning them to the county commissioners for collection, he voluntarily foreclosed his right to the commission which the school board had agreed to pay him for the collection of these taxes and agreed to take the statutory fee of two percent of the amount ultimately paid by the Defense Plant Corporation as allowed by section 6 of the Act of 1931, supra.

To the same effect is the case of In re Tax Sale of Pembleton, 37 Luzerne 91, wherein the court concluded that after a tax collector has returned delinquent taxes according to the Act of 1931 his power to collect is lost, that authority being from the time of the return exclusively in the treasurer.

In the case we have under consideration the agreed statement of facts indicates that the Defense Plant Corporation paid the taxes due for the year 1942 directly to the tax collector, plaintiff in this case, who, in turn remitted the same to the taxing district, defendant. Plaintiff claims that since the money was not paid over to the Treasurer of Beaver County for the account of the taxing district, but was, in fact, paid to him, plaintiff, he thereupon became entitled to the five percent commission. With this we cannot agree. The Defense Plant Corporation had no right or authority to pay the money over to the tax collector, plaintiff, without running the risk of having to pay it a second time. At the same time payment was made by the Defense Plant Corporation to plaintiff, in the year 1946, plaintiff was without bond as far as these taxes were concerned. He had been exonerated from liability on his bond by virtue of having made a return to the county commissioners. When Defense Plant Corporation paid the money to plaintiff, in the year 1946, it was in effect making the tax collector its agent to pay this money over to the county treasurer, the only

party authorized to receive it. To avoid circuity of action the tax collector paid the money directly to the taxing district, and it thus ultimately reached the party entitled to receive the money. This same question arose in In re Tax Sale of Pembleton, supra, and the court reached the same conclusion which we have reached in the case at bar, saying, in part, as follows (p. 93) :

" 'The taxes in this case were paid to the collector after he had filed his return. This payment, however, is no help to the exceptant. After the return was filed the tax collector lost all power to receive payment on behalf of the municipalities. It was then the exclusive province of the treasurer to receive the payment and the agency of the collector ceased.' (Citing Dixon v. Gilberton Borough School District, supra.) 'When the exceptant paid the money to the collector it was as agent for the exceptant and not for the municipality, and, by familiar rules of law, if he failed to carry out his agency, the loss must be borne by his principal, the exceptant.' "

See also: Challac's Appeal, 147 Pa. Superior Ct. 111; Green et ux. v. Laurel Hunting Club, etc., et al., 60 D. & C. 408.

We conclude on this phase of the subject by saying that when Defense Plant Corporation paid over the 1942 school taxes to plaintiff, in the year 1946, which taxes had been returned by plaintiff to the commissioners in accordance with the Act of 1931, the Defense Plant Corporation was appointing the tax collector as its agent to turn the money over to the Treasurer of Beaver County in payment of the amount returned, and that the subsequent payment of the money into the hands of the taxing district was, in effect, a payment by the Treasurer of Beaver County to the taxing district in accordance with section 6 of the Act of 1931, supra, and that plaintiff thereupon became en-

titled to the two percent commission fixed by the statute for such payment in lieu of the five percent commission fixed by the taxing district for collections actually made by the tax collector.

We are at a loss to understand why the taxing district accepted payment of the sum of $7,760 in full payment of the amount of $8,148 which had been returned by plaintiff tax collector to the county commissioners as the amount due for school taxes for the year 1942, inasmuch as the taxes, as filed, would bear interest from May 1, 1943, at the rate of six percent per annum until paid. That question is not before the court for determination. If the School District of the Township of Borough intends that no penalties or interest are to be paid by the Defense Plant Corporation, but is accepting the face amount of the taxes due for the year 1942 by way of some compromise over a disputed claim, then it is clearly the obligation of the School District of the Township of Borough to acknowledge, in writing, that it has received payment in full for the school taxes due for the year 1942, and to direct the Treasurer of Beaver County to satisfy these liens of record. The liens filed against the real estate of Defense Plant Corporation through the tax collector returning the 1942 taxes to the County of Beaver will remain an apparent lien until they are satisfied of record, at least for the difference between the amount paid to and actually received by the taxing district and the amount which was justly due and payable.

### As to the 1943, 1944 and 1945 taxes

A somewhat different question is posed for consideration by the court as to the taxes for the years 1943, 1944 and 1945. As to these taxes the Defense Plant Corporation, pending an appeal from the triennial assessment made in the year 1943, took advantage of the provisions of the Act of May 22, 1933, P. L. 853, sec.

518, as amended by the Act of July 15, 1935, P. L. 1007, sec. 1, 72 PS §5020-518, reading as follows:

"Provided, however, that the appeal shall not prevent the collection of the taxes complained of, but in case the same shall be reduced, then the excess shall be returned to the person or persons who shall have paid the same: And provided further, that the appellant may pay the amount of the tax alleged to be due by reason of the assessment appealed from into the court to which such appeal is taken, whereupon said court shall allocate and pay over to the proper authorities such amount of said tax as shall appear to said court to be reasonably free from dispute, and the remainder of the amount paid in shall be held by the court pending the final disposition of the appeal. Upon final disposition of the appeal, the amount found to be due the appellant as a refund shall be a legal set off or credit against any future taxes assessed against appellant in the same taxing district: Provided, That where such taxing district is unable to thus credit all of such refund or any balance thereof in any one year, the court may, upon application of either party, ascertain and determine how much of said refund shall be credited in that year."

The amount of school taxes claimed for the year 1943 was paid into court, under the provisions of the act of assembly last above recited, on August 23, 1943. The 1944 school taxes were paid into court on September 10, 1944, and the 1945 taxes were paid into court on September 14, 1945. It will be noted that all of these payments were made at face long before the first Monday of May following the year in which they were assessed. These payments were just as certainly payments to the school district as they would have been had the Defense Plant Corporation paid the money directly to the tax collector under protest, as allowed by the Act of May 22, 1933, P. L. 853, sec. 518, as

amended July 12, 1935, P. L. 674, sec. 1, 72 PS §5020-518, which reads as follows:

"And provided further, That the appellant may pay the amount of the tax alleged to be due by reason of the assessment appealed from to the tax collector under protest, in writing, in which case when the tax is paid over to the taxing district it shall be the duty of the tax collector to notify the taxing district of such payment under protest by delivering to it the protest in writing. Whereupon, the taxing district shall be required to segregate twenty-five per centum (25%) of the amount of the tax paid over and shall deposit the same in a separate account, in the depository in which the funds of the taxing district are deposited, and shall not be permitted to expend any portion of such segregated amount unless it shall first petition the court alleging that such segregated amount is unjustly withheld. Thereupon the court shall have power to order the use by the taxing district of such portion of such segregated amount as shall appear to said court to be reasonably free from dispute, and the remainder of the segregated amount shall be held segregated by the taxing district pending the final disposition of the appeal. Provided further, that upon final disposition of the appeal the amount found to be due the appellant as a refund shall also be a legal set off or credit against any future taxes assessed against the appellant by the same taxing district, and where a taxing district alleges that it is unable to thus credit all of such refund in one year the court, upon application of either party, shall determine over what period of time such refund shall be made and shall fix the amount thereof which shall be credited in any year or years."

Certainly, if the Defense Plant Corporation had exercised its option to take advantage of this last quoted act of assembly, it could not be said that the tax collector was not entitled to his five percent commission. It

occurs to the court that the question of the amount of commission to be paid to the tax collector cannot be determined by the Defense Plant Corporation paying the money into court instead of into the hands of the tax collector. The paying into court was the result of the efforts and industry of the tax collector in sending his notice of the amount of the tax levied to the Defense Plant Corporation. When the Defense Plant Corporation paid the money into court it deprived the tax collector of his right to recover the amount of the tax by action in assumpsit, under the provisions of the School Code. It foreclosed his right to collect by levy and distress and sale of the goods and chattels of the taxpayer, as allowed by section 21 of the Act of May 29, 1931, and it foreclosed the possibilities of his collecting the taxes in any other method allowed to him by the law. By paying the money into court the Defense Plant Corporation was making payment to the tax collector, adopting the court as the stakeholder to hold the money for the use of the taxing district pending the disposition of the final appeal of the case to the Supreme Court of the United States. Since the Supreme Court of the United States determined that the money was properly due to the taxing district, the tax collector became entitled to the commission which was earned by him and which had been fixed by the school district at five percent, under the authority vested in the board of school directors by section 554 of the Act of May 18, 1911, P. L. 309.

Defendant raises the question that since on or before the first Monday of May following the assessment of the taxes against Defense Plant Corporation the tax collector, in an abundance of precaution, returned the taxes to the county commissioners in accordance with the Act of May 29, 1931, supra, he thereby foreclosed his right to collect the five percent and became entitled only to the two percent commission fixed by section 6

of said act. With this we cannot agree. Since the taxes had already been collected and paid into court under the provisions of the Act of 1933, supra, his making the return thereof to the county commissioners was a nullity. The liens filed in the commissioners' office for the taxes so returned for the years 1943, 1944 and 1945 could have been stricken off, and no doubt would have been stricken off if a rule to show cause had been issued by the court at the instance of Defense Plant Corporation. No tax collector has a right to return as unpaid such taxes as have actually been paid. As suggested by counsel for plaintiff in his oral argument and in his written brief:

"Payment of this money into court was a new procedure to all of the local taxing authorities. The tax collector was not sure of the legal effect of such payments into court. On or before June 1st of each year, the tax collector must account to the treasurer of the school district for all taxes in his duplicate except items for which he has been exonerated or those levied on real estate: Act of May 18, 1911, P. L. 309, art. V, sec. 559, 24 PS §606.

"Therefore, in order to protect himself and to perform every duty that might possibly have been required of him in relation to these taxes, the tax collector, Clark E. Turner, made a return of the taxes for 1943, 1944 and 1945 to the county commissioners in the same manner as if they were unpaid taxes, even though these taxes had already been paid into court pending appeal."

We believe that this is the position in which the tax collector found himself. He should not be compelled to make a choice at the time he filed these taxes in the office of the county commissioners and run a grave risk of not having performed his duty. In an abundance of precaution he not only collected the taxes by having them paid into court, but he also protected him-

self and the taxing district against possible loss by making return of the taxes to the county commissioners. Rather than condemn him and penalize him for making this precautionary move, we rather give him credit for having done everything he knew to do, even though one of the things he did was not only unnecessary but was actually a nullity, namely, making return to the county commissioners of taxes which had already been paid into court through his effort at a time when they were current and prior to the time he made return to the county commissioners.

We have no doubt about the propriety of our conclusion that plaintiff is entitled to his five percent commission on the money paid into court by Defense Plant Corporation pending the appeal on their assessment, and we determine as a matter of law that he is entitled to five percent on the $23,280 so paid into court by Defense Plant Corporation and thereafter paid by the court to the depository of the taxing district.

Accordingly, we make the following

*Order*

Now, December 10, 1947, after argument before the court en banc, it is ordered, adjudged and decreed that plaintiff is entitled to no further payment on the amount of $7,760 paid by Defense Plant Corporation to plaintiff and by him remitted to the taxing district, the full two percent commission allowed by law having been already paid to him; it is further ordered, adjudged and decreed that judgment be and is hereby entered in favor of plaintiff and against defendant in the amount of three percent of $23,280, being the taxes paid by Defense Plant Corporation for the years 1943, 1944 and 1945, plaintiff having earned a five percent commission thereon, two percent of which has already been paid, the amount of the judgment in favor of plaintiff and against defendant being $698.40; costs to be paid by defendant.