## Consolidated Real Estate Company v. Northumberland County et al.

*Richard H. Klein,* for petitioner.

*Frederick E. Lark* and *John A. Harter,* for respondents.

TROUTMAN, J., September 5, 1950.—Petitioner, Consolidated Real Estate Company, on April 10, 1950, presented its petition to this court praying that respondents named in the petition be ordered to permit the redemption of 1.2 acres of surface of the Isaac Miller Tract located in Mount Carmel Township, Northumberland County, Pa., and that the court determine the amount required to be paid by petitioner to effect such redemption and upon motion, a rule to show cause why the prayer of the petition should not be granted was issued.

Preliminary objections were filed by Northumberland County, Northumberland County Institution District, Mount Carmel Township and Mount Carmel Township School District. These preliminary objections are now before this court for disposition.

According to the averments contained in the petition, petitioner is the owner of 1.2 acres of surface of the Isaac Miller Tract of 311 acres in Mount Carmel Township, having acquired the same from Middle Coal Company by deed dated April 9, 1943. At the time petitioner purchased this surface, there were both returned taxes and tax liens entered against the entire tract of coal and surface by some or all of respondents. In August 1944 petitioner conducted negotiations with the Northumberland County Commissioners, the intention of which was to secure for petitioner title to its surface, divested of all liens for either returned or liened taxes. These negotiations resulted in payment by petitioner of $124.03.

In January 1945 the Treasurer of Northumberland County sold at tax sale the entire tract of surface and minerals for returned unpaid taxes including the portion of the surface theretofore purchased by petitioner, to the Commissioners of Northumberland County.

Subsequently, to September term, 1948, no. 84, in the court of common pleas of this county, petitioner brought an action to quiet title against all respondents to determine the effect of the negotiations and payment in 1944. In an opinion and order in that case dated January 10, 1949, this court upheld the validity of the treasurer's sale in 1945 and found that title to the 1.2 acres of surface in question is presently in the County of Northumberland. In that opinion the court held that the county should exercise the power given to it under the Act of July 17, 1935, P. L. 1091, and permit the redemption by the Consolidated Real Estate Company of the portion of land owned by them, credit

being given for the taxes which had already been paid under the alleged agreement of apportionment.

On February 19, 1949, petitioner made a written request to the Northumberland County Commissioners to apportion the taxes as between the 1.2 acres of surface and the entire 311 acres of minerals and surface and to advise petitioner what sum was required in order to redeem the surface acreage in question. This request was made by registered mail to which no reply has ever been received despite repeated verbal requests by petitioner's counsel to the commissioners.

Since 1944 the surface acreage in question has been separately assessed by all respondents against petitioner and petitioner has paid all taxes so assessed.

Having failed to make any progress with the county commissioners, petitioner filed the present petition to the above number and term asking the court to direct the commissioners to permit the redemption of that portion of the surface owned by petitioner, and also asking the court to fix the amount which petitioner shall be required to pay to effect such redemption.

After service of the petition and rule to show cause granted thereon upon the respective respondents, the latter filed papers entitled "Preliminary Objections". These several sets of preliminary objections are sufficiently similar that they may be considered together.

The reasons assigned in support of the preliminary objections of the various respondents are as follows:

1. The township, school district and institution district are not proper parties.

2. The petition for redemption is a pleading unknown to the law and improper original process.

3. There is an adequate legal action whereby petitioner can have its alleged rights adjudged.

While no formal objection appears on the record, at the time of the argument petitioner raised the question that there is no provision in the Rules of Civil

Procedure providing for the filing of preliminary objections in a proceeding by petition and rule, the only pleading contemplated following the filing of the petition and the issuance of the rule thereon being the filing of an answer by respondents.

Rules 206-209 of the Rules of Civil Procedure govern the procedure on petition and rule. These rules contemplate a petition and an answer thereto and are silent concerning the right to file preliminary objections either to a petition or an answer. Rule 1017 provides for the filing of preliminary objections and is included under the rules governing actions at law. Strictly speaking, therefore, preliminary objections may only be used in an action at law.

In the case of In re Dupont Borough Council, 71 D. & C. 214, the court disposed of preliminary objections which were filed to a petition for a rule to show cause and in its opinion stated that the correctness of this procedure had not been questioned. In that case the preliminary objections raised jurisdictional questions.

While we do not believe that it is proper to file preliminary objections to a petition for a rule to show cause, nevertheless there has been no formal objection filed by petitioner to such procedure and inasmuch as the preliminary objections do raise jurisdictional questions the preliminary objections will be treated as a petition raising a question of jurisdiction and will be disposed of in this proceeding.

The first reason in support of the preliminary objections filed by the various respondents is that the matter complained of in the petition is wholly under the control of the County Commissioners of Northumberland County and the other municipalities are therefore not proper parties. Although title is vested in the Commissioners of Northumberland County yet we see no merit in this objection for the joinder of the various municipalities has the effect of bringing all parties in

interest upon the record and will at least serve as notice to each of the interested taxing bodies of the procedure instituted by petitioner.

Considering the fact that the county commissioners, upon the purchase of the property in question in this case, became a trustee for all the tax levying authorities to whom unpaid taxes were due, and all the taxes due such authorities would be included in the money paid by the owner if it is permitted to redeem the property, it seems proper that all of the municipalities should be joined in this proceeding.

The important question raised, by the preliminary objections in this case is whether there is any authority in the law for petitioner to proceed by petition to redeem. It is well settled that a rule is not an original process but is auxiliary, and for the facilitating of jurisdiction already acquired, except where it is authorized by statute to be used as an original process: Petrovich Appeal, 155 Pa. Superior Ct. 138; Commonwealth v. Dauphin County et al., 354 Pa. 556, 562.

The present proceeding being original, the only authorization which this court would have to entertain such petition to redeem would be some statutory authorization either expressed or implied in the statutes dealing with the redemption of lands which have been sold for taxes.

According to the averments of the petition, the entire 311 acres of the surface and minerals of the Isaac Miller Tract, which included the 1.2 acres of surface which had been purchased by petitioner in 1943, were sold by the Treasurer of Northumberland County in 1945 to the county commissioners at a tax sale held on account of returned unpaid taxes for the years 1941 and 1943. At the time of the tax sale there were not only returned unpaid taxes against the tract but also tax liens entered by the various respondents. The sale was held by the county treasurer under the

authority contained in the Act of May 29, 1931, P. L. 280, as amended. Section 9 of this act, as amended, provides for the redemption of the lands sold at such tax sale by the owner thereof at any time within two years after such sale but does not provide any method by which the redemption of the land might be enforced.

The Act of July 17, 1935, P. L. 1091, 72 PS §5879, extends the right of redemption previously existent to as long a period of time as the title to property purchased at a tax sale by the county remains in such county. The Act of July 28, 1941, P. L. 535, 72 PS §6105.1, further extended the right of redemption in that it is provided that where real property shall have been purchased at any tax sale by any political subdivision, any person entitled to redeem such property shall have such right of redemption so long as the title thereto remains in said political subdivision. This act further provides for payments of the amount due by installments. The only condition to the extension of this right of redemption is that it shall exist so long as title remains in the political subdivision. The foregoing acts create no new rights, but merely prolong the life of an existing right.

The Act of 1931, P. L. 280, as amended, which provides for the return of taxes by the various tax collectors specifically saves from repeal the Act of May 16, 1923, P. L. 207, 53 PS §2021, which provides for the entry of tax liens for unpaid taxes. The Act of 1923, supra, sec. 32, 53 PS §2052, provides for the redemption of property sold under a tax lien and gives any person entitled to redeem the property the right to present his petition to the proper court praying for a rule to show cause why the premises sold should not be reconveyed to him. This procedure was permitted in Levick v. North Versailles Township et al., 360 Pa. 510, which was a proceeding upon petition and rule to show cause why tax authorities should not permit the

redemption of certain real property. In that case there was a sheriff's sale held in accordance with the provisions of the Act of May 16, 1923, P. L. 207, on tax liens, and redemption was permitted under the authority of the Act of 1941, P. L. 535, supra. The Act of 1923, supra, supplied the Act of June 4, 1901, P. L. 364, which in turn took the place of earlier acts, section 33 of the Act of 1901, supra, containing the provision that any person entitled to redeem may present his petition to the proper court.

Our courts have always liberally construed the privilege of redemption under the various acts regulating tax sales: Roth Appeal, 159 Pa. Superior Ct. 145, 152. While the tax sale in this case was held under the Act of 1931 we are of the opinion that the right to effect a redemption by petition and rule can be implied under the provisions of that act. The Act of 1901, supra, which was a basic act providing for redemption, contained such procedure, and inasmuch as the privilege of redemption must be liberally construed, we are of the opinion that petitioner may proceed by petition and rule as it has in this case.

The Acts of 1923 and 1931, as amended, are not inherently repugnant or contradictory. They are rather complementary, furnishing alternative or perhaps successive remedies: Challac's Appeal, 147 Pa. Superior Ct. 111.

We are of the opinion that the Act of 1931 did not change the basic right of redemption as contained in the Act of 1901, supra, and we are of the further opinion that petitioner may proceed by petition and rule.

Furthermore, the proposed redemption of the land in question involves the redemption of a smaller parcel out of a larger parcel which had been sold by the county treasurer to the county commissioners. The Act of July 17, 1935, P. L. 1091, sec. 2, 72 PS §5880, provides for the redemption of parcels and outlines the

procedure by which the county commissioners may permit the owner to redeem the parcel to which it holds the title or has an interest of record. The proposed redemption will involve not only returned unpaid taxes under the Act of 1931 but also tax liens entered under the authority of the Act of 1923. While there has been no sale held under the Act of 1923, we are of the opinion that the rights of both petitioner and respondents can be satisfactorily adjudicated in the present proceeding.

We will therefore overrule the preliminary objections filed by respondents and direct that answers be filed within a period of 20 days from the date of the order in this case.

### Order

And now, to wit, September 5, 1950, respondents' preliminary objections to the petition are hereby overruled and respective respondents are permitted a period of 20 days from the date of this order to file answers to the petition.