## Henning v. Nowicki

*Roy A. Gardner*, for plaintiff.

*Davis R. Hobbs*, for defendant.

PINOLA, P. J., specially presiding, July 30, 1958.— Plaintiff, John B. Henning, a resident of Tunkhannock, brought an action to quiet title against Casimir F. Nowicki, a resident of the City of Scranton.

Plaintiff contends that he is the owner of lot no. 10 on plot of lots of Ross J. Weil at Lake Carey, Township of Lemon, County of Wyoming. The lot is 55.09 feet wide at front and is 76.13 feet in depth on the westerly side and 53.67 feet on the easterly side.

He purchased it from the county commissioners by deed dated February 5, 1946, the commissioners having acquired title as the result of a tax sale.

Defendant contends that he is the owner of the property and that the tax sale was void because: (1) The return by the collector was not made in time; (2) the proper notice of sale was not given, and (3) the property was not properly identified in the delayed return.

Ross J. Weil and wife sold the lot in question to Richard H. Driscole and Casimir F. Nowicki by deed dated March 6, 1936, and recorded on the same date. The lot was assessed for taxation purposes for the year 1938 in the name of Driscole alone. Prior to the assessment, Driscole and his wife had sold their interest to Nowicki by deed dated March 12, 1937, which, however, they did not record until September 23, 1938.

In an action to quiet title, plaintiff should state in his complaint whether his action is founded upon a statutory authorization, specifying it, or upon the general power of the court to quiet titles: Goodrich-Amram Civil Practice, sec. 1061(*b*)-6; Cantwell v. Henzler, 9 D. & C. 2d 21. This is so because under certain statutes he is entitled to benefits and rights which are not available to him under the Pa. R. C. P. 1061(*b*)

and 1066(*b*). Since the complaint does not contain this provision and at argument it did not appear that plaintiff is relying on any existing statute, we will assume that this action is brought under the procedural rules.

The collector returned the unpaid taxes for 1938 to the county commissioners on May 3, 1939. Under the law he was required to make the return not later than the first Monday of May 1939, which was May 1st.

The county treasurer advertised the property for sale and sold the lot to the county commissioners on October 8, 1943. On November 8, 1943, he made a return of sales of property to the court of common pleas, which return was confirmed nisi on that date and absolutely on January 17, 1944.

The lot is vacant and unimproved and neither plaintiff nor defendant is in actual possession of the same. The taxes amounted to $7, the property was sold for $35, and it has a fair market value in excess of $1,000.

Plaintiff asks that the deed to him from the commissioners be declared valid and sufficient to convey title to him of the premises in question.

In our opinion, he is not entitled to such relief.

### Discussion

At the outset, we must bear in mind that a property owner cannot be deprived of his property except by strict compliance with the provisions of the statutes involved.

Under the Act of May 29, 1931, P. L. 280, 72 PS §5971(*a*), it was the duty of the tax collector to make return to the county commissioners of unpaid taxes for which no liens had been filed "not later than the first Monday of May in the year succeeding the year in which the respective taxes were assessed and lev-

ied". Admittedly he did not comply with this requirement.

Counsel for plaintiff insists that the error was corrected by one of the validation acts. There is no merit to this contention.

The Act of June 20, 1939, P. L. 498, 72 PS §5971 (a), amended section 1 of the Act of 1931 to read:

"Where the receiver or collector of any such taxes shall have failed to make the return thereof as provided by this section, and the time fixed for making such return has expired, such receiver or collector of said taxes, or any delinquent tax collector, or taxing authority in whose hands such taxes now repose for collection is hereby authorized to make return of any of said taxes which are unpaid and for which no lien has been filed within six months from the effective date of this act; and the liens of any taxes so returned shall be valid and are hereby ratified and confirmed, and a county treasurer's sale may be had for such taxes at the time when a county treasurer's sale is held under the provisions of this act, in the same manner as if such returns have been made at the time heretofore required by this section:"

Counsel does not, because he cannot, point to a single affirmative act done or performed in pursuance of the amendment.

The late return was made on May 3, 1939. The validating act became effective June 20, 1939. The authorities had six months from that date within which to make a new return. The collector made no such return, no delinquent collector made any return, nor did any taxing authority make return of the taxes. Such affirmative act is required by the Act of 1939 because it specifically declares that "the liens of any taxes *so returned* shall be valid and are hereby ratified and confirmed".

Since nothing was done within the six months, the lien never attached.

The tax collector had a second opportunity to create the lien but failed to take advantage of it. Under the Act of July 24, 1941, P. L. 495, 72 PS §5971(*a*), note, the legislature provided that whenever a collector "failed or neglected to make return to the County Commissioners of taxes assessed and levied against seated lands for the years one thousand nine hundred and thirty-eight, one thousand nine hundred and thirty-nine, or one thousand nine hundred and forty, within the time required by law, such tax collector or receiver may legally and validly make return of such taxes in the manner provided by law for such return, at any time within six months after this act takes effect, and the liens of any taxes for said years so returned under the authority of this act shall be valid and are hereby ratified and confirmed, and a county treasurer's sale may be had for such taxes . . . in the manner provided by existing law".

Again for six months he did nothing.

Under the circumstances, the sale, being based on an improper return, is void: Challac's Appeal, 147 Pa. Superior Ct. 111; Green v. Laurel Hunting Club, 60 D. & C. 408.

It is void for a second reason. When the collector described the property in his return as "land bought from Weil", he did not sufficiently comply with the direction of the statute (Act of May 29, 1931, P. L. 280, sec. 1) that the tax collector shall file with his return "a description of the said real estate by adjoiners or otherwise sufficient to identify said lands": Challac's Appeal, supra; Hunter v. McKlveen, 361 Pa. 479.

The third objection raises a question which we need not decide, namely, whether the notice must be given to the owner listed in the assessment or to the actual

owner of the property at the time of the sale. In passing, we venture the opinion that the assessment was sufficient when made in the name of one of two co-owners.

In Humphrey v. Clark, 359 Pa. 250, the court declared on page 252:

"The assessment confers the power to sell . . . 'the assessment is void only when it *wholly fails to lead to identification*' . . . There must be a description which will enable the owner, the collector, or the public to determine 'what property was intended to be returned for the payment of taxes' . . . 'It is the assessment, therefore, which must contain the means of identification of the ownership, in order that the proprietor may pay his tax, or redeem if he fails to pay in time. It may be by a name, or it need not be . . . But if by a name alone, it must be by one linked to it, or once associated with it, so that the chain which binds them together, when followed by the hand of the real owner, will lead him to it.' "

In that case the land was assessed in various names, Wm. Humphrey & Son, Wm. Humphrey's heirs and Wm. Humphrey. The court held that the assessments and returns were sufficient to support the sales for taxes "for the reason that the name William Humphrey was one whose connection with the title to the land was admitted".

Here, concededly, Driscole was one of the owners and, therefore, the assessment was proper.

As for the notice, it may well be that under the Supreme Court decisions of Hess v. Westerwick, 366 Pa. 90, and Ross Appeal, 366 Pa. 100, the notice given in this case would be insufficient. However, since it is not necessary to the disposition of the case, we choose not to decide this troublesome point.

Under the circumstances, we enter the following

*Order*

Now, July 30, 1958, at 10 a.m., judgment is entered in favor of defendant, Casimir F. Nowicki, and against plaintiff, John B. Henning.