## In re Tax Claim Bureau of York County

*Jon C. Countess,* for Tax Claim Bureau.
*Eugene R. Campbell,* for exceptants.

BUCKINGHAM, J., September 5, 1973.—This matter is before the court on exceptions to a tax upset sale conducted by the York County Tax Claim Bureau (bureau) under the provisions of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS §5860.101, et seq. The exceptant, Evelyn L. Williams, is a co-owner of the property involved as a tenant by the entirety, with her husband, Raymond B. Williams. Exceptant, Elwood L. Sipe (Sipe) is a judgment creditor of Mr. and Mrs. Williams, whose judgment will be discharged if the sale is upheld.

The facts, which were stipulated to by counsel, are that the property, which is situated in lower Windsor Township, York County, Pa., was conveyed by Robert A. Marrow and his wife to Sipe for $2,800, by a deed dated June 29, 1970, but not recorded until August 7, 1972. Sipe and his wife conveyed it to Mr. and Mrs. Williams for $5,500, by a deed dated August 7, 1972, and recorded the same day. The bureau set up the sale, as against the prior owners, not Mr. and Mrs. Williams, for Friday, October 6, 1972. The sale was for the unpaid taxes of 1970, in the amount of $92.97, which was the upset price. The 1971 taxes had been paid.

The bureau did not discover the recorded deed to Mr. and Mrs. Williams until just before insertion of the first newspaper advertisement giving notice of the sale. It is conceded that the bureau did not comply with the notice provisions of the act with respect to the original sale. The bureau, recognizing that a mis-

take had been made, announced at the sale that, because of certain irregularities, the property would not be sold that day and that the sale had been continued to Friday, November 10, 1972. It is conceded that the bureau complied thereafter with all the notice requirements of the act as to Mr. and Mrs. Williams, the real owners. Neither of the Williams nor any of their creditors appeared at the second sale on November 10, 1972, and the property was sold for the upset price of $92.97 to the successful bidder.

The only issue in the case, as we see it, is whether the bureau had the authority to proceed promptly to reschedule the sale as it did or whether it was required to wait until the following year, 1973, to rseset the sale. We believe the bureau had such authority and will confirm the sale. Exceptants concede the power of the bureau to sell the property for the delinquent taxes. The issue before us is controlled by section 601(a) of the Act of July 7, 1947, P. L. 1368, 72 PS §5860.601(a) the pertinent provisions thereof which state:

"*Commencing on* the second Monday of September of each year . . . or on any day to which a sale may be adjourned, or readjourned, such adjournment not to be for a longer period than sixty (60) days, . . . the bureau shall sell such property . . . The bureau may for convenience and because of the number of properties involved, schedule sales of property in various taxing districts or wards thereof on different dates, but all sales, except as herein otherwise provided, shall be held by the bureau by the end of the said calendar year." (Italics supplied.)

We agree with the bureau that these cited provisions of the act permit the bureau to hold a series of sales

commencing with the second Monday of September and require only that such sales be concluded prior to the end of the calendar year, in this case 1972. The second sale here was held on the sixtieth day after the second Monday of September, 1972, and on the thirty-fifth day after the date of the first scheduled sale. As can be seen then, the adjourned sale here was not held beyond the 60-day limitation referred to in the act. It should be noted that the bureau used the word "continued" in the postponement notice and not the word "adjourned." However, we believe the two words are synonymous and consider the second sale, in fact, an adjourned sale within the meaning of the language of the act.

Exceptants argue that the upset sale price was grossly inadequate and that the sale, therefore, should be invalidated for this reason. However, the gross inadequacy of the upset sale price, standing alone, is not sufficient to vitiate a tax sale. The courts have applied the gross inadequacy principle only in cases where the bureau failed to comply with the notice and other requirements of the act. See, for example, Ross Appeal, 366 Pa. 100 (1950), and Hess v. Westerwick, 366 Pa. 90 (1950). In view of the foregoing, we enter the following

## ORDER

And now, to wit, September 5, 1973, the exceptions to the upset sale in this case are dismissed and the said sale is hereby confirmed.

An exception is granted to exceptants.