## Sale of Properties by Armstrong County Tax Claim Bureau

*E. J. Steiner*, for objectants.
*B. F. Green & Peter Colarie*, contra.

HOUSE, P.J., June 21, 1974.—Before the court is the petition, containing objections and exceptions to a tax sale, filed by D. H. Seybert and Genevieve Seybert, his wife; Lula E. Whitacre; William E. Whitacre, and Carl B. Schrecengost and Mary Schrecengost, his wife.

On Monday, September 10, 1973, the Armstrong County Tax Claim Bureau exposed at tax sale a certain tract of land situate in Madison Township, Armstrong County, Pa., containing about one acre purportedly the property of D. H. Seybert et al. in default of the payment of certain school taxes levied and assessed against said property for the year 1971. Said sale was made under tax claim no. B-170 to one

Donald Claypoole, 2 South Shore Avenue, Northeast, Pa. 16428, for the total bid sum of $310.00. Return of sale was made to the court by Armstrong County Tax Claim Bureau on October 18, 1973, at which time the sale was confirmed nisi to become absolute at the expiration of 60 days, unless objections or exceptions were filed thereto.

On November 8, 1973, the above-mentioned petitioners did file timely objections and exceptions to said return and confirmation of tax sale.

Answers having been filed by the Armstrong County Tax Claim Bureau and by the respondent purchaser at tax sale, hearing was held in the matter on December 28, 1973, and January 11, 1974. Briefs have been submitted by all parties and the matter is now ready for disposition.

The operative facts controlling this case are essentially undisputed and may be summarized as follows:

D. H. Seybert and Genevieve Seybert, his wife, Lula E. Whitacre, William E. Whitacre, and Carl B. Schrecengost and Mary Schrecengost, his wife, acquired title to a one-acre tract situate in Madison Township, Armstrong County, Pa., by deed of Frank H. Crissman dated January 2, 1958, and recorded in Armstrong County Deed Book Vol. 430, page 207. Lula E. Whitacre is the mother and/or mother-in-law of the other petitioning land owners.

At all pertinent times, the property appeared in the tax assessment records of Armstrong County, Pennsylvania, as follows (Tax Claim Exhibit No. 1):

"Seybert, D. H. and Genevieve
"Oakland Township
"Whitacre, Lula E. and Wm. E.
"Butler, Pa. 16001
"Schrecengost, Carl B. and Mary
"Silberblatt Building

"Kittanning, Pa. 16201

"1 acre, Madison Township"

The property was assigned Tax Map Reference nos. "8F-124; 104-1 "(Tax Claim Exhibit No. 1).

The 1971 school tax duplicate was placed in the hands of Madison Township Tax Collector Robert D. Moore, who mailed a tax bill or notice to the owners of the property. It is uncertain just how these tax notices were actually addressed, but the tax collector did make a notation of an address on his 1971 tax records of this property, to-wit: "508 South Washington, Butler, Pa. 16001."

Prior to 1971, all township, county and school taxes were billed in one notice or statement. Beginning in 1971, township and county taxes were contained in one notice and school taxes were billed in a separate notice. These notices were mailed by the tax collector at different times in the year. The tax collector had mailed the 1970 tax notice to "Carl B. Schrecengost, 508 South Washington Street, Butler, Pa. 16001." There is no evidence to indicate how the 1971 school tax notice was addressed. The tax collector did not enter the South Washington Street address upon his return of unpaid 1971 school taxes to the Armstrong County Tax Claim Bureau.

For whatever reason, the owners paid the 1971 township and county taxes as billed but failed to pay the separately billed 1971 school taxes. That the petitioners may have been aware that the 1971 school taxes were unpaid is made evident by the fact that on July 31, 1972, they gave the Township Tax Collector a check for $35.49 which was marked "Taxes 1971-1972", which the petitioners say was intended to pay the unpaid 1971 school tax as well as the 1972 township and county tax. The tax collector, having long since returned the 1971 school taxes as unpaid, applied this money to the 1972 school taxes.

In making his return of 1971 taxes, the tax collector inscribed the following on the return sheet (Tax Claim Exhibit No. 1):

"D. H. Seybert
"Oakland Township
"William E. Whitacre
"Butler, Pa. 16001"

The tax collector's return sheet also contained the correct tax map references, the correct acreage and showed unpaid taxes and penalties being returned in the total amount of $23.24.

The Armstrong County Tax Claim Bureau received the tax collector's return and on May 1, 1972, prepared Tax Claim No. B-170 (Tax Claim Exhibit No. 3) This document showed as owner or reputed owner:

"Seybert, D. H., et al.
"Send to: William E. Whitacre
            Butler, Pa. 16001"

On June 15, 1972, the tax claim bureau mailed a copy of this tax claim no. B-170 by certified mail in a window envelope so that it was addressed exactly as shown on the tax claim. This letter was returned to the tax claim bureau by the Post Office Department on July 1, 1972, marked "Unknown".

On July 27, 1973, a notice to the owners of tax sale was mailed by registered mail by the tax claim bureau addressed as above. This letter was returned to Armstrong County Tax Claim Bureau on August 7, 1973, marked "Addressee Unknown" and "Insufficient Address".

At no pertinent time, did the tax claim bureau make inquiry of the Madison Township Tax Collector for a more recent or more complete address or for a different addressee.

On or before August 31, 1973, the tax claim bureau employed one George F. Andre to go about the county posting notices of the impending tax sale upon the

various affected properties. Mr. Andre admitted that he was not personally acquainted with the property in question but stated that he located all properties to be posted by references to tax maps and by reference to written directions prepared by the Tax Mapping Office. Andre had no actual recollection at all of this particular property, but stated that he "must have posted it because my initials are there". He was referring to Tax Claim Exhibit No. 5, which is a sheet containing assessment information and a column headed "posting date". In that column, and opposite the entry for the subject property, he made a hand written entry: "8/31/73 G.F.A.". This was the date of posting and his initials, according to Mr. Andre. However, Andre stated that he had given all posting dates as August 31, 1973, although "I was out all day posting" on September 1, 1973. Thus, Andre was unable to state with certainty that he had posted this property at all and, if he had posted it, whether it was posted on August 31, 1973, or on September 1, 1973.

The notice for posting (Tax Claim Exhibit No. 6) showed the owner or reputed owner of the subject property as:

"Wm. E. Whitacre
"Butler, Pa. 16001 & D. H. Seybert Property"

Meanwhile, the tax claim bureau had caused advertisements of the tax sale to be held September 10, 1973, to be inserted in the Leechburg Advance on August 15, 22, and 29, 1973; in the Armstrong County Legal Journal on August 16, 1973; and in the Simpson's Daily Leader Times on August 17, 24, and 31, 1973. In all of these advertisements, the subject property was listed under a heading:

"Madison" as
"D. H. Seybert, et al, 1 acre (8 F-124; 104-1) 54.87"

The last figure referred to the approximate upset price.

The property was offered at tax sale on September

10, 1973, and was knocked down to Donald Claypool on a bid of $310. All sales other than the one in this case are now final and absolute as per order of this Court of October 18, 1974.

Petitioners make the following contentions in support of their objections to the tax sale:

(1) that the township tax collector made an improper, incomplete return of unpaid 1971 taxes to the Armstrong County Tax Claim Bureau; and

(2) that the Armstrong County Tax Bureau failed to give notice of the tax claim entered by it as required by law; and

(3) that notice of the tax sale given by the Armstrong County Tax Claim Bureau was insufficient in that notices required to be given by mail were misdirected; that notice given by publication was improper and incomplete; and that posting of the property either was omitted completely or was done improperly and at a time not prescribed by law.

The first two contentions made by petitioners must be rejected, since both relate to the return of taxes to the tax claim bureau and to the tax claim thereafter entered by the bureau.

The Real Estate Tax Law of July 7, 1947, P. L. 1368, art. VI, sec. 607, as amended, 72 PS §5860.607, provides, in part:

"(d) Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise the legality of the taxes on which the sale was held, or of the return thereof to the bureau, or the claim entered therefor."

Since these objections or exceptions were taken to the sale of the petitioners' lands by the bureau, it necessarily follows that objections going to the return of the taxes to the bureau or going to the tax claim

entered pursuant to the return of taxes, are tardy and now impermissible under the statute: McCoy v. Tax Claim Bureau, 6 D. & C. 2nd 746 (1956); In re Tax Claim Bureau of Lehigh County, 34 Lehigh 309 (1971).

The third contention made by petitioners does have merit, however, for much the same reasons that the return of taxes and the entry of tax claim might have been found to be defective if timely attack had been made thereon.

Section 102, as amended, of the Real Estate Tax Sale Law of 1947 supra, provides, in part:

" 'Owner', the person in whose name the property is last registered, if registered according to law, and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, of the reputed owner or owners thereof, in the neighborhood of such property."

Since there are no deed registry laws applicable to Armstrong County, it is clear that the definition of "owner" must be found in the "all other cases" provision quoted above. See Ross Appeal, 366 Pa. 100 (1950).

It was, thus, incumbent upon the Armstrong County Tax Claim Bureau to follow "the time honored precedents of bringing home to an owner of real estate by serving the terre-tenant, or occupant or by posting the premises, than which there is no surer way of bringing home notice to an owner of seated lands": Ross Appeal, supra.

In the case at bar, the tax collector had, in his possession, a complete and accurate Post Office address. When he returned the taxes as unpaid, he did not include that address and, in fact, did not return the taxes in the same names as those against whom the taxes had been assessed. Further, the tax claim bureau, after failing to obtain delivery of the certified

mail notice of the entry of the tax claim, apparently made no effort to obtain a better address from the tax collector or from some other source. Finally, the fact that no 1972 taxes had been returned as being unpaid against the property should have alerted the tax claim bureau that the tax collector, indeed, possessed a better address or had knowledge of the owners' whereabouts. In addition, the tax claim bureau should have been alerted to the fact that the 1971 tax delinquency was due to inadvertance and not due to intentional nonpayment.

To paraphrase Ross Appeal, supra:

"It seems difficult to understand why tax collecting agencies seem so prone to ignore ordinary modern common sense business practices. Its own records would seem to disclose whether any returns for delinquent taxes due for years subsequent to [1944] had been made. Therefore, the absence of [return for 1972] taxes should have indicated to the tax claim bureau that all taxes for [1972] had been paid. This then ought to have suggested a delinquency not deliberate but due to some oversight or error. In such circumstances a letter or [phone] call of inquiry to the local collector would speedily have brought forth the important information [that he had an up-to-date, complete address for an owner.] Then a mere demand on the new owner would no doubt quickly have brought the payment of the [twenty-three dollars and twenty-four cents] taxes without resort to court proceedings, or a sale or further expense to the county or taxpayer."

"The purpose of tax sales is not to strip the taxpayer of his property but, to insure the collection of taxes": Hess v. Westerwick, 366 Pa. 90 (1950).

In the case at bar, not only were the mail notices

defective because they used an incomplete and inaccurate address when a better address was available, but also because they were not sent to all of the owners of this property who were tenants in common. See Gradel Petition, 88 Montg. 131 (1967).

Likewise, the newspaper publications of the notice of tax sale incompletely and inaccurately stated the owner of the subject property to be "Seybert, D. H. et al." This truncated description of the "owner" of the subject premises did not reflect the information contained in the county assessment records or even the information contained on the tax claim. The newspaper publications were not in compliance with sections 102 and 602 of the Real Estate Tax Sale Law of 1947, supra.

Even if this court could overlook or excuse the inadequacies of the notices required by law to be given by mail and by publication to the owners of the property, we cannot overlook or excuse the failure to comply strictly with the statutory requirement for posting of the property with a notice of the impending tax sale.

There is no question but that section 602, as amended, makes mandatory the requirement that a property to be sold at a tax sale upon a tax claim must be posted with notice of the impending sale at least ten days prior to the date fixed for sale. In the case at bar, the burden was upon the tax claim bureau to establish that these premises, in fact, were posted and that the posting took place "at least ten days" prior to the sale as required by law.

The petitioners say that they were on the premises before, during and after the dates when the property could have been posted. They say it was never posted. The evidence presented by the tax claim bureau and by the respondent fails to show with any certainty that

the premises were ever posted or, if posted, whether they were posted ten days or more before the sale. That evidence allows for the distinct possibility that the premises were not posted at all and allows the probability that, if posted, the posting was done less than ten days before sale.

The notice provisions of the Tax Sale Law must be strictly adhered to by the tax claim bureau. To require less would be to deprive the property owners of their property without due process of law: Ross Appeal, supra; Hess v. Westerwick, supra.

Since this tax sale cannot be permitted to stand, we enter the following

## ORDER OF COURT

And now, June 21, 1974, the petition of D. H. Seybert and Genevieve Seybert, his wife; Lula E. Whitacre, William E. Whitacre, and Carl B. Schrecengost and Mary Schrecengost, his wife, to upset the tax sale of a certain one-acre tract, more or less, in the Township of Madison, Armstrong County, Pa., being previously owned by the petitioners, is granted upon condition that petitioners pay to the Armstrong County Tax Claim Bureau a sum sufficient to pay the said delinquent taxes, accrued interest and penalties and all costs of sale. It is ordered and directed that upon payment by the petitioners of all such sums, the Armstrong County Tax Claim Bureau shall refund in full to respondent, Donald Claypool, all sums paid over to it by him in connection with the sale of the above-mentioned property.

---

Petitioners shall bear all costs of this proceeding.