# In Re: Tax Sale of 1980 Under Real Estate Tax Sale Law of 1947

*Paul E. Baker,* for petitioner.
*Norman M. Yoffee,* for respondent.

DOWLING, *J.,* December. 30, 1981—Once again we address the dismal subject of delinquent tax sales whereby dilatory owners are stripped of their property and discerning entrepreneurs are clothed with title for, at times, a mere pittance. Recognizing the statutory authority for this otherwise confiscatory procedure, we nevertheless insist that the dispossession follow to the letter the requirements laid down by the legislature:

"The notice provisions of the tax sale statute must be strictly complied with in order to guard against the deprivation of. property without due process of law. Hess v. Westerwick, 366 Pa. 90, 76 A.2d 745 (1950); Ross Appeal, 366 Pa. 100, 76 A.2d 749, 750 (1950); Hughes v. Chaplin, 389 Pa. 93, 132 A.2d 200 (1957); Watson v. Ciaffoni, 385 Pa. 16, 122 A.2d 56 (1956). Justice Ladner, speaking for a unanimous court in Hess v. Westerwick, supra, 366 Pa. at 98, 76 A.2d at 748, reminded tax collection authorities that '[t]he purpose of tax sales is not to strip the taxpayer of his property but to insure the

collection of taxes.' The power given by the act carries with it the responsibility of seeing that its conditions are complied with." Ross Appeal, supra. In Re: Tax Claim Bureau of Chester County, 208 Pa. Super. 384, 222 A.2d 602, 604 (1966).

And as stated rather recently in Clawson's Appeal, 39 Pa. Commw. 492, 498-499, 395 A.2d 703, 706 (1979):

"The statutes, however, impose duties, not on owners, but on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their properties must be strictly complied with. Grace Building Co. v. Clouser, 5 Pa. Commw. 110, 289 A.2d 525 (1972).

• • •

"Since the due process which by constitution must accompany every appropriation of private property includes a requirement of reasonable notice to the owner, it appears to us entirely appropriate that we should construe the statutory provision for mailing such notice to the owner's 'last known post office address' as meaning the last post office address in the possession of the local tax collector."

In the instant case, Frank and Louise Doric purchased 21 South Third Street, Harrisburg, in September of 1968 for $50,000. The property has a present market value of $75-100,000 and is subject to a mortgage of $13,000. The Dorics failed to pay their 1978 taxes and were properly notified in July of 1980 that the property would be sold September 8, 1980. Following which Mr. Doric went to the Tax Claim Bureau and was there advised that the city properties (which included his) would not be sold on September 8 but at a later, undetermined date. He therefore did not attend the September 8 sale

where an oral announcement was made that the city properties would be sold on November 7.

The postponement was occasioned by the July 10, 1980 amendment (72 P.S. §5860.601) to the Real Estate Tax Sale Law of 1947 which required that personal notice be given to owner/occupiers. In attempted compliance, the Tax Claim Bureau sent a deputy sheriff to the owners' premises on October 20, 1980. Although at that time the new sale date of November 7, 1980 for city properties had been established, the notice personally served on the owner merely recited the previous time of September 8 ". . . or any date to which the sale may be adjourned, re-adjourned or continued . . ." Mr. Doric asked the deputy if he knew of the new date and was told that he did not. He heard nothing further until shortly before Christmas when a Mr. Goldstein came in and mentioned that he had purchased the property.

The applicable notice provisions of the Real Estate Sales Act provided notice of the sale "shall set forth . . . (b) the time of such sale . . ." 72 P.S. §5860.602. It would seem to follow that if the statute requires notice of the time of sale when the sale date is changed, notice of the correct date is mandatory.

The Tax Claim Bureau relies upon First Federal Savings and Loan v. Swift, 457 Pa. 206, 321 A.2d 895 (1974), where the court upheld a tax sale at which the mortgagee/bank did not appear though it received notice of the sale; having relied erroneously on unverified information that the property was not on the list. That case is as different from the instant case as the Julliard String Quartet is from the Rolling Stones. In First Federal, which was an equitable proceeding, the complaining party had received actual notice of the sale and the discussion

centered around whether the lower court erred in finding that there were equitable grounds for relief. The present situation is not a case of a unilateral mistake by the property owners. The relief sought is not based on equitable principles but on the basic legal principles that the Real Estate Tax Sale Law must be strictly complied with.

It is perhaps a paradox that the amendment whose purpose was to provide a futher means of actual notice to the property owner was instrumental in depriving him of that notice in that when he was personally served on October 20, the only date given was one which had expired. This is like throwing a drowning man a life jacket lined with lead.

Accordingly, we enter the following.

### ORDER

And now, this December 30, 1981, (a) sale no. 285 of the tax sale held on November 7, 1980 involving tax parcel 3-23-10 is invalid and set aside on condition that the exceptants pay to Alan and Louis Goldstein, the purchasers of the premises, the sum of $4,894.87 being the amount paid by said purchasers of the tax sale.