**Peterson v. Tax Claim Bureau of Monroe County**

*Edmund G. Flynn,* for petitioner.
*James Gregor,* for respondent.
*David A. Martino,* for intervenors.

WILLIAMS, *S.J.*, March 11, 1983—Plaintiff has filed a petition to set aside a Tax Sale of a lot known as Lot No. 4 in Naomi Pines Development, situate in Tobyhanna Township. The sale took place on April 7, 1980 for unpaid taxes for 1978-79. The petition alleges that at the time of the sale plaintiff was the owner of the lot subject to the tax sale. The intervenors are the purchasers at the sale.

The registered owner was Ida May Peterson. She had died and her estate was administered in the State of New York. The devisees of the subject real estate were her two children, Margina Disch and son, William Peterson. Margina Disch, as Executrix of the Estate of Ida May Peterson conveyed the real estate to William Peterson by deed dated October 19, 1977. The consideration stated in the deed was $5,000. The deed was unrecorded at the date of sale. Notices of sale were sent to Ida May Peterson, with a restriction that they should be delivered to the addressee only. She being deceased, the notices were returned to the Tax Claim Bureau. Two were marked "unknown", the other "unclaimed". No notice was ever given to William Peterson.

On November 26, 1979, Margina Disch sent a check, signed by her, giving her address, for $48.02 in payment of the current school tax. The check had written upon it "payment for Wm. Peterson". The record shows that the tax collector issued a receipt for this payment dated September 29, 1977. The receipt shows that the tax collector crossed out the previous address on the receipt which was the address on the tax bill, changing it to the address stated on the check. No notation of a change of ownership appears on the receipt.

The intervenors' answer to the petition denies this allegation and thus creates the factual issue as to the truth or falsity that the check was mailed and

contained the language averred in the petition. Exhibit "A" to plaintiff's affidavit purports to be a correct copy of the check which if so, supports the allegation in the petition.

## DISCUSSION

While counsel for the purchasers at the Tax Sale has raised the defenses of innocent purchasers for value, negligence and laches on the part of petitioner, the only real issue is whether the County Tax Bureau gave the notice of sale as prescribed by the Tax Sale statute. If it did not, the sale is absolutely void. Grace Building Company v. Chester Land Corporation, 19 Pa. Commw. 269, 339 A.2d (1973). In Teslovich v. Johnson, 486 Pa. 622, 627, 406 A.2d 1374 (1979) the Supreme Court, quoting from Ross Appeal, 366 Pa. 100, 107, 76 A.2d 749, 753 (1950) said:

"The strict provisions of the Real Estate Tax Sale Law were never meant to punish taxpayers who omitted through oversight or error (from which the best of us are never exempt) to pay their taxes. Tax Acts were rather meant to protect the local government against wilful, persistent long standing delinquents for whom we have no brief, and to whom the Appellate Court decisions have given short shrift."

Petitioner certainly is not a wilful and persistent delinquent in the payment of his taxes.

The court makes it clear that the failure of the Tax Bureau to give the prescribed notice of sale to each owner of the property sold, causes the sale to be absolutely void.

Summary judgment may not be granted if there is a genuine issue as to any material fact. Kent v. Miller, 222 Pa. Super. 390, 392, 294 A.2d 821 (1972). Petitioner avers that on September 26,

1977, his sister, Margina Disch, forwarded a check in the amount of $48.02 to Ralph Dunlap, Tax Collector of Tobyhanna Township, in payment of 1977 school taxes. That the check had her address on it, which was the same as that of Ida May Peterson. That the check contained the words "payment for Wm. Peterson". A copy of this check is attached as an exhibit to plaintiff's petition.

Since the answer of the intervenors denies this allegation, a genuine issue of fact exists. The crucial question is whether the issue deals with a material fact.

Petitioner contends that the notation on the check indicated to the tax collector that a change of ownership had taken place. We agree. When the tax collector received this check signed by Margina Disch, giving the same address as Ida May Peterson and stating the payment was for William Peterson, it should have alerted him to the fact that ownership of the property was now vested in William Peterson. There could be no other reasonable conclusion for the presence of the notation on the check.

The next issue is whether the tax collector had any duty to investigate whether a change of ownership has taken place. Ross Appeal, 366 Pa. 100, 76 A.2d 749 (1950) places a limited duty of inquiry upon the tax collector. He must make an investigation, if not burdensome. Such a conclusion was also reached in Return of Sale of Property for Delinquent Taxes, 24 Fayette Co. R. 88 (1961) where the court said:

"Legislation authorizing sale of property for delinquent taxes requires that the Tax Claim Bureau use every possible method to notify the owner, apparent owner, reputed owner, or person in possession, of the intended sale."

In the instant case, the notation on the check "payment for Wm. Peterson" was notice to the tax collector that William Peterson was the owner or apparent owner of the property and under the Statute entitled to notice of the sale.

The tax collector when he received the check, signed by Margina Disch, knew that it was a payment for William Peterson, knew a change of ownership had taken place. The identity of address as well as identity of name was sufficient to cause him to know that ownership had changed. It would have not been a burdensome task for the tax collector to write to Margina Disch and make inquiry as to the change of ownership and the address of William Peterson and afford the owner the opportunity to pay the tax before returning it as delinquent.

The tax collector, the Tax Claim Bureau and the Assessment Office, constitute a single system of tax administration and notice of change of ownership to the tax collector constitutes notice to all departments of the tax system. Clausen's Appeal, 39 Pa. Commw. 492, 395 A.2d 703 (1979); Michael R. Sabarese v. Tax Claim Bureau of Monroe County, et al., 69 Pa. Commw. 442 451 A.2d 793 (1982).

We find a genuine material issue of fact is disclosed by the record requiring us to deny the motion for summary judgment.

We note from the record a pending action to quiet title instituted by the intervenors. We suggest counsel move to consolidate the two cases for trial to avoid a multiplicity of actions.

## ORDER

And now, March 11, 1983, motion for summary judgment is denied.