## Fries v. Tax Claim Bureau of Carbon County

*George T. McKinley,* for plaintiff.
*John G. Cipko,* for defendant Tax Claim Bureau.
*Arnold Sousa,* for defendant Lawrence Marra.

LAVELLE, *P.J.,* September 13, 1988 — We have before us an objection to a County Tax Claim Bureau public sale. Objector claims that he did not know that he had the right to stop the sale by tendering the delinquent taxes and, therefore, the sale should be invalidated. We find his objection devoid of legal merit and deny it.

After a non-jury trial on January 21, 1988, we make the following

## FINDINGS OF FACT

(1) Howard S. Fries was the owner of a property located at 513-515 Cypress Street, Lehighton, Carbon County, Pa. Fries purchased the property in 1972 and his deed is recorded in Carbon County Deed Book 333, page 432.

(2) Fries failed to pay the real estate taxes on the property for the years 1982 and 1983.

(3) The Carbon County Tax Claim Bureau listed the property for tax sale in September of 1984 at an upset price of $484.33.

(4) Fries received all the proper notices of the tax sale as required by the Real Estate Tax Sale Law, 72 P.S. §5850.101 et seq.

(5) The property did not sell at the September

1984 tax sale and was placed on the tax sale list for October 9, 1984.

(6) On October 9, 1984, prior to the beginning of the tax sale, Fries appeared at the office of the Carbon County Tax Claim Bureau with the intent of paying his delinquent taxes. Fries did not identify himself or communicate his intent of paying the delinquent taxes to anyone at the Tax Claim Bureau office. He was notified at that time that the employees of the Tax Claim Bureau had already departed for the tax sale which was about to begin at the courthouse. Fries immediately went to the courthouse and appeared at the tax sale.

(7) When his property came up for sale during the tax sale, Fries again did not identify himself or communicate his intent of paying the delinquent taxes to anyone. Instead, Fries bid on his property up to the upset price of $484.33. However, another bidder, Lawrence Marra bid $800 and the property was struck down to Lawrence Marra for $800.

(8) Subsequent to the tax sale, the Tax Claim Bureau executed and delivered a deed for the property to Lawrence Marra and his wife, Francesca Marra.

## DISCUSSION

The Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, Art. 1, §101 et seq., as amended 72 P.S. §5860.101 et seq., through inclusion of strict notice provisions to tax delinquent property owners, safeguards a property owner against being deprived of his or her property without due process of law. See e.g., *In re Return of Sale of Tax Claim Bureau,* 366 Pa. 100, 76 A.2d 749 (1951). However, under section 607 of that act, only where there is an "irregularity or illegality" in the sale procedures utilized by the Tax Claim Bureau or a failure by the Tax

Claim Bureau to provide the statutorily required notices to the property owner, is the court statutorily authorized to invalidate a tax sale. 72 P.S. §5860.607.

In the present case, we do not face a challenge to the notice of the tax sale by the Tax Claim Bureau because the parties stipulated that all notices required by the Real Estate Tax Sale Law were received by Fries. His sole claim is that it is "unfair" to allow him to lose his property because he did not know that he could have stopped the sale of his property by identifying himself as the owner and paying the "upset price" prior to the sale. Our reading of the Real Estate Tax Sale Law, and the cases promulgated thereunder, discloses no authority whatsoever for this court to invalidate a tax sale by the Tax Claim Bureau for an omission by the tax-delinquent property owner.

Section 501(a) of the Real Estate Tax Sale Law, dealing with the discharge of the tax claim and redemption of the property before sale, set forth the procedures to be followed by the property owner in order to redeem property from the effects of the tax claims:

"Any owner . . . may cause the discharge of tax claims and liens entered against the property . . . by payment to the bureau of the amount of the aforesaid claim and interest thereon, and the amount of all accrued taxes which have been returned and remain unpaid . . . then the subject property shall be removed from exposure to sale." 72 P.S. §5860.501(a).

Under this section, if a property owner desires to redeem his property and remove it from exposure to a tax sale, he or she has to make payment of the delinquent taxes to the Tax Claim Bureau. Although

our research has disclosed no appellate caselaw describing how this payment is to be made, we have carefully studied the case of *Witmer Petition,* 16 D.&C. 3d 559 (1980), from our sister court, the Court of Common Pleas of Lycoming County. In *Witmer,* the taxpayer mailed the delinquent taxes to the Tax Claim Bureau, but the mail, which was received prior to the tax sale, was not opened by the Tax Claim Bureau until after the tax sale. In that case, our distinguished colleague, Judge Greevy, opined as follows:

"Because of the lack of authority and because the statute is silent, concepts drawn from basic contract law are well applied. The section 5860.501 redemption provisions can be likened to an offer, made by one with a legally enforceable right, to relinquish that right upon acceptance of an offer. The offer is specific about the manner of acceptance; it must be by performance only by tendering the redemption price prior to the actual sale of the property: section 5860.501(c). It is clear that any reasonable manner of tender will suffice, such as tender by mail." *Witmer,* at 562-3.

In the present case, although we are not dealing with tender of the delinquent taxes by mail, we find the logic of *Witmer,* which applied concepts of basic contract law to the Real Estate Tax Sale Law, persuasive and apposite. Any tender of delinquent taxes to the Tax Claim Bureau, like any acceptance of an offer in contract law, to be effective, must be communicated in some reasonable manner to the other party. In the present case, the record makes clear that Fries failed to communicate any intent to tender the delinquent taxes to the Tax Claim Bureau. His silence at a time it was not golden prevents this court from granting relief.

## CONCLUSIONS OF LAW

(1) The court has jurisdiction over the parties and subject matter of these proceedings, and this proceeding is properly before the court.

(2) The sale of the property of Howard S. Fries by the Carbon County Tax Claim Bureau was in compliance with all the provisions of the Real Estate Tax Sale Law.

Based on the foregoing findings of fact and conclusions of law, we enter the following

## ORDER

And now, September 13, 1988, it is ordered and decreed that the objection of Howard S. Fries to the tax sale by the Carbon County Tax Claim Bureau be and is hereby denied.