IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                              :
            v.                : No. 128 C.D. 2016
                              : SUBMITTED: August 26, 2016
Carmen Moore                  :
                              :
            v.                :
                              :
Sahil Singhal                 :
                              :
Appeal of: Carmen Moore       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                    FILED: February 6, 2017


        Carmen Moore (Owner) appeals from an order of the Philadelphia County Court of Common Pleas (trial court) denying her motion to vacate the order granting Sahil Singhal (Purchaser) permission to intervene and an extension of time to complete payment for a sheriff's sale conducted under the Municipal Claims and Tax Liens Act ("MCTLA").[1]   The City of Philadelphia (City) sold Owner's property because of a four-year lapse in payment of real estate taxes. Owner does not contest the initial notice of the tax sale, but rather alleges a lack of proper

_____
[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101–7505.

notice of a subsequent intervention, and further challenges the trial court's authority to direct the sheriff to accept late payments. We vacate and remand.

On August 2, 2013, the City filed a petition for a rule to show cause why the property located at 8030 Ditman Street, Unit 4A, in Philadelphia (Property) should not be sold for $3,622.67 in delinquent real estate taxes (Tax Petition). Owner, who left the Property in 2005, did not pay taxes for tax years 2009 through 2012, when she was living in Maryland. Prior to filing the Tax Petition, the City obtained a tax information certificate identifying all owners and lienholders. The trial court issued the rule on August 6, 2013, and the City sent notice to all interested parties by regular and certified mail, to both the Property address and to Owner's most recent registered mailing address at 3709 K Street, Philadelphia. On September 24, 2013, the City filed an affidavit documenting its service and posting on the Property. No response to the Tax Petition was filed. On October 30, 2013, the trial court entered a decree that the Property shall be sold at sheriff's sale to the highest bidder. The City filed an affidavit of service of the decree and notice of sale.

Before the sale, on January 20, 2014, Owner made payment of $3,000 toward the outstanding taxes on the Property. Nevertheless, taxes on the Property remained unpaid, and a sheriff's sale was conducted on April 22, 2014. Purchaser was the highest bidder at $18,100.00. On the date of the sale, he paid $1,850, approximately 10% of the purchase price, with the remainder to be paid within 30 days. However, Purchaser failed to pay the balance within 30 days, and the sheriff filed a writ of return on June 13, 2014, marking the docket "terms of sale not

2

complied with." Reproduced Record (R.R.) at 5a.  Although Purchaser attempted to tender full payment thereafter, the sheriff would not accept it, advising Purchaser that he needed to request leave of court.

Meanwhile, in July 2014, Owner became aware of the pending sheriff's sale proceedings.  She claims that she paid the $1,960 in outstanding balance of back taxes on July 30, 2014.

Thereafter in August 2014, Purchaser filed a motion to intervene and requested permission to complete the terms of the sale that had occurred on April 22, 2014.  The trial court scheduled a hearing and directed Purchaser to serve notice on all interested parties.  Though Purchaser knew that Owner did not reside at the Property (apparently Purchaser had by some means already leased the Property to a third party as of July 2014),[2] Purchaser sent notice to Owner only at the Property. Purchaser did not attempt to serve Owner's most recent registered mailing address: 3709 K Street, Philadelphia.   After the hearing, which Owner did not attend, the trial court entered an order on September 14, 2014, granting Purchaser's request for intervention and allowing Purchaser 15 days to pay the balance due.  The order also states, "No objection by City."[3]

---

[2] See Purchaser's Answer in Opposition to Motion to Vacate, 8/23/2015, Reproduced Record (R.R.) at 241a, paragraph 11.

[3] The City's purported acquiescence is troubling in light of the claim that Owner had paid all taxes due on the Property in advance of the hearing.

3

Thus, having failed to complete the purchase of the Property within 30 days after the sheriff's sale, Purchaser was afforded another chance to buy the Property, even though (1) Owner allegedly had paid to the City all the taxes due on the Property; and (2) Purchaser did not attempt to serve Owner at her most recent registered address, which was of record and available to Purchaser.[4]

Purchaser paid the balance of the sale price. The sheriff's deed for the Property was acknowledged on October 29, 2014. The deed was recorded on November 14, 2014.

On August 3, 2015, Owner filed a motion to vacate, seeking to vacate the Intervention Order, and to have the title to the Property quieted in her favor (Motion). According to the Motion, Owner, now residing in Maryland, was unaware of the April 22, 2014 sheriff sale proceedings "prior to July of 2014." R.R. at 167a. When she became aware, she allegedly paid the balance due of back taxes but received no notice of Purchaser's motion to intervene seeking permission to complete the terms of the sale. Without holding a hearing, the trial court denied the Motion "as both untimely and procedurally improper." R.R. at 295a (Order, 8/31/15). In its Pa. R.A.P. 1925(a) opinion, the trial court described the Motion as "completely without merit." Tr. Ct. Slip Op., 2/17/16 at 1. It reasoned Owner may only attack a sheriff's sale by filing a petition to set aside, which must be filed

---

[4] Owner's registered address was evident in several documents of record pre-dating Purchaser's motion to intervene. See Tax Petition, 8/2/2013, R.R., page 15-17; Affidavit of Service of Mailing Petition and Rule, 9/9/2013, R.R., page 30-31; Affidavit of Service—Decree and Notice of Sale, 10/30/2013, R.R., pages 32-35.

4

within three months of the acknowledgement of the deed pursuant to the MCTLA. Owner missed the statutory deadline, filing her Motion almost eight months late.

Owner filed a notice of appeal with the Superior Court, which transferred the matter to this Court pursuant to Pa. R.A.P. 751. Our "review of a trial court's order in a tax sale matter is limited to determining whether the trial court erred as a matter of law, rendered a decision that is unsupported by the evidence, or abused its discretion." *City of Philadelphia v. Auguste*, 138 A.3d 697, 700 (Pa. Cmwlth. 2016).

The City set out to conduct this sheriff's sale pursuant to the MCTLA. Section 31.2 of the MCTLA[5] sets forth the unique procedure for Philadelphia sales. As to challenging a sale, section 39.3 of the MCTLA provides:

> [a]ll parties wishing to contest the validity of any sale conducted pursuant to section 31.2 [of the MCTLA], including the sufficiency of any notice, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest within three months of the acknowledgement of the deed to the premises by the sheriff.

53 P.S. § 7193.3.[6] This provision makes clear that challenges to sales conducted pursuant to section 31.2 of the MCTLA must be filed within three months after acknowledgment of the deed. This sale, however, included some improvisational aspects beyond the scope of section 31.2.

---

[5] *Added by* Act of March 15, 1956, P.L. (1955) 1274, *as amended*, 53 P.S. § 7283.
[6] *Added by* Act of December 14, 1992, P.L. 859, *as amended*, 53 P.S. § 7193.3.

In response to Purchaser's motion to intervene, the trial court restarted the sale after Purchaser failed to complete the purchase within the allotted time. Section 31.2 of the MCTLA does not expressly countenance such a restart. However, the statute does detail the process that is required before a sale may be authorized:

> . . . whenever a claimant has filed its tax or municipal claim in accordance with the requirements of this act, it may file its petition in the court in which the proceeding is pending, setting forth the facts necessary to show the right to sell, together with searches or a title insurance policy, showing the state of record and the ownership of the property, and of all tax and municipal claims, mortgages, ground rents or other charges on, or estates in, the land, as shown by the official records of the city or county, or the political subdivision in which the real estate is situate, and thereupon the court shall grant a rule upon all parties thus shown to be interested, to appear and show cause why a decree should not be made that the property be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates. If upon a hearing, *the court is satisfied that service had been made of the rule upon the parties respondent in the manner provided in this act* for the service of writs of scire facias to obtain judgments upon tax and municipal claims, and that contemporaneously with the service of the rule on the parties respondent notice of the rule has been published by the claimant in at least one newspaper of general circulation in the county, and in a legal periodical published therein, if any, *and that the facts stated in the petition be true*, it shall order and decree that the property be sold at a subsequent sheriff's sale at a time to be fixed thereafter by the claimant, . . .

53 P.S. § 7283 (emphasis added). In this case, the trial court reauthorized the sale of the Property with disregard for (1) whether Owner was served properly with notice of the hearing on the motion to intervene; and (2) whether taxes remained due to the City.

6

Consideration of the service question would have revealed that Purchaser served Owner only by mail to the Property, which Purchaser knew or should have known would be ineffective because the Property was occupied by Purchaser's own tenant. In *Tracy v. Chester County, Tax Claim Bureau,* 489 A.2d 1334 (Pa. 1985), our Supreme Court stated:

> Somehow, over the years, taxing authorities have lost sight of the fact that it is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects a citizen's property to forfeiture for the non-payment of taxes. We have had occasion before to note that we hold no brief with willful, persistent and long standing tax delinquents, but at the same time, we have also observed that the "strict provisions of the Real Estate Tax Sale Law [Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803] were never meant to punish taxpayers who omitted through oversight or error ... to pay their taxes." *Ross Appeal,* 366 Pa. 100, 107, 76 A.2d 749, 753 (1950). As this Court stated in *Hess v. Westerwick,* "the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." 366 Pa. 90, 98, 76 A.2d 745, 748 (1950). The collection of taxes, however, may not be implemented without due process of law that is guaranteed in the Commonwealth and federal constitutions; and this due process, as we have stated here, requires at a minimum that an owner of land be actually notified by government, if reasonably possible, before his land is forfeited by the state.

489 A.2d at 1339.

Before a tax sale may go forward, section 39.2(a) of the MCTLA,[7] requires taxing authorities to provide notice to property owners in the following manner:

---

[7] *Added by* the Act of December 14, 1992, P.L. 859.

(1) By posting a true and correct copy of the petition and rule on the most public part of the property;

(2) By mailing first class mail to the address registered by any interested party pursuant to section 39.1 of this act a true and correct copy of the petition and rule; and

(3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to section 39.1 of this act, the city shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

53 P.S. § 7193.2(a). A sale is valid generally when the City satisfies these statutory notice requirements. *See City of Philadelphia v. Auguste*, 138 A.3d 697. In this case, if Purchaser had completed the purchase of the Property within the time allotted by the trial court in its initial decree authorizing the sale on October 30, 2013, the notice by the City would have been adequate to satisfy the requirements of the MCTLA. The record reflects that the City provided notice as required by the MCTLA. The City provided service by mail to the Property and to the address Owner had registered with the City, and by posting the petition and rule on the most public part of the Property. *See* R.R. at 26a-29a.

The effectiveness of this system of notice is dependent on property owners' compliance with the address registration requirement of the statute. Section 39.1 of the MCTLA,[8] requires an owner of real property in a first class city having a lien, claim, or interest to "register a notice of interest with the department

---

[8] *Added by* Act of December 14, 1992, P.L. 850, 53 P.S. § 7193.1.

8

of the city of the first class responsible for collection of tax and municipal claims stating his name, residence and mailing address and a description of the real property in which the person has an interest." Interested parties are required to file an amended registration as needed. *Id.*

We note that Owner did not comply with the address registration provision of section 39.1 of the MCTLA, 53 P.S. § 7193.1. If she had complied with the address registration requirement, she presumably would have received notice of the commencement of the sheriff's sale proceedings in August 2013, when the City served notice to her registered address. Moreover, although Owner admits she was aware of the sheriff's sale in July 2014, she took no steps to ensure the trial court had an accurate address for her. There is no indication in the pleadings that Owner advised the trial court of her correct address prior to the hearing on the motion to intervene.

However, Purchaser did not even attempt to serve Owner at her registered address with notice of the hearing on his motion to intervene. Having been instructed by the trial court to serve all parties, Purchaser chose to serve Owner only by mailing notice to an address occupied by Purchaser's own tenant. By failing to serve Owner at her registered address, Purchaser essentially guaranteed that Owner would not be notified that the trial court was being asked to reauthorize the sale of the Property.

Consideration of the outstanding tax question may be even more critical than consideration of the service question. The trial court does not appear

9

to have reconfirmed "that the facts stated in the petition be true" at the time of the hearing prior to reauthorizing the sale of the Property. Specifically, there is no indication in the record that the trial court inquired whether any taxes remained due at the time of the hearing. It appears that the trial court might have reauthorized the sale when the very basis for the sale no longer existed.

The purpose of sheriffs' sales under the MCTLA is to collect municipal claims, not to strip owners of their property. *U.S. National Bank Association v. United Hands Community Land Trust,* 129 A. 3d 627, 632 (Pa. Cmwlth. 2015) (citing *City of Philadelphia v. Manu*, 76 A.3d 601, 606 (Pa. Cmwlth. 2013)). Owner's Motion claims that she paid all outstanding taxes on the Property before the trial court reauthorized the sale of the property on September 14, 2014.

"By its very nature, a petition to set aside a sheriff's sale is an equitable proceeding, governed by equitable principles, and appellate review of equitable matters is limited to a determination of whether the trial court committed an error of law or abused its discretion." *Id.* (citing *Allegheny County v. Golf Resort, Inc.,* 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009)). An otherwise untimely challenge to a sheriff's sale may proceed if no authority existed to make the sale. *See Mortgage Electronic Registration System, Inc. v. Ralich,* 982 A.2d 77, 80 (Pa. Super. 2009). Under the circumstances of this case, where the trial court was asked to reauthorize a sheriff's sale because Purchaser had failed to complete the terms of purchase within the allotted time, the trial court should have inquired into whether the service upon Owner was adequate and whether the factual predicate

10

for the legal authority for the sale (*i.e.,* the non-payment of taxes) still existed. Failure to do so constituted an abuse of discretion.

Accordingly, we vacate the trial court's order of August 31, 2015, denying Owner's Motion, and remand for further proceedings consistent with this opinion.

_____
JULIA K. HEARTHWAY, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia        :
                            :
            v.              :  No. 128 C.D. 2016
                            :
Carmen Moore         :
                            :
            v.              :
                            :
Sahil Singhal         :
                            :
Appeal of: Carmen Moore  :

O R D E R

AND NOW, this 6th day of February, 2017, the order of the Philadelphia County Court of Common Pleas is vacated, and this case is remanded for further proceedings consistent with the foregoing Opinion.

Jurisdiction relinquished.

_____
JULIA K. HEARTHWAY, Judge